*J. T. O'Neal, E. W. Hines, for Whipples.*

---

MATTIE GAITSKILL *v.* JOHN B. STIVERS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—856.]

**Fraudulent Conveyance.**

    One who conveys his real estate in consideration of love and affection, pending a suit against him by a creditor which results in a judgment, commits a fraud against such creditor and such a conveyance will be set aside at the suit of the creditor.

**Homestead.**

    Where a part of real estate conveyed to defraud creditors consists of a dwelling appraised at $1,050, the creditor is entitled to have it sold if it can be sold for more than $1,000 and after the payment of the $1,000 homestead he is entitled to the excess.

APPEAL FROM BOURBON CIRCUIT COURT.

April 5, 1884.

OPINION BY JUDGE HARGIS:

   The appellant, Mattie Gaitskill, brought suit against her guardian and his surety, the appellee, J. B. Stivers, and recovered judgment against them for $520.41, on which execution issued and was returned "no property found."

Pending the suit, Stivers conveyed, in consideration of love and affection and as a Christmas gift, his dwelling-house, post office and saloon buildings situated on the same lot, to his daughter then 12½ years old. The present action was instituted, after return of "no property" to vacate the conveyance from Stivers to his

daughter on the ground that it was voluntary and fraudulent as to appellees' pre-existing liabilities. During the progress of this action, the appellant recovered an additional judgment for $340 against Stivers as the surety of her guardian, and caused execution for that sum and also another execution to issue on the first judgment, and both to be levied on the post office and saloon buildings. They were sold under these executions and bought by appellant. The dwelling was also levied on at the same time, but being appraised at $1,050 no sale of it was made. These levies and sales were, by an amended answer, a pleading in bar of the suit to set aside the conveyance to the daughter on the ground that appellant's legal remedy was complete; the court sustained the plea and dismissed the appellant's action and she has appealed.

The conveyance according to Gen. Stat. 1883, ch. 44, art. 1, § 2, is fraudulent and void except as to the homestead of J. B. Stivers which he had the right either to sell or give away. But if the homestead or dwelling is worth more than $1,000 the appellant has the right to the excess in discharge of her debt. The levy of the executions thereunder, though regular, furnishes no bar to the action to set aside the conveyance which is a cloud upon the title to the whole, and prevents the appropriation of any excess beyond $1,000 which the dwelling may bring. As the appellant caused the executions to be issued and levied and became pendente lite purchaser of the property she was seeking to subject, she will be bound by the purchase if the appellees are satisfied with the price and she fails to show any fatal infirmity in the title under the execution sale, but the appellees are not bound by the sale unless they consent that it may stand.

Wherefore the judgment is *reversed* with directions to render judgment setting aside the conveyance to the appellee, Maud V. Stivers, and directing the sale of the dwelling so that if it brings more than $1,000 the excess shall be applied to appellant's demands, and if necessary to pay any remainder thereof also direct a resale of the post office and saloon buildings, if the appellees elect to have this done, and for proper proceedings.

*Cunningham & Turney, for appellant.*